Your Honor, good morning, and may it please the court. From my client's standpoint, the most important issue in this case is the comedy issue, and I believe that this case represents a cautionary tale. I'm sorry, counsel, we've got so many lawyers this morning. Could you identify yourself for the record? Your Honor, I'm sorry. Shell Harrell for the appellant. Can you also tell us how you're all dividing time, if you're dividing time on your side of the case? Your Honor, yes. I plan to leave optionally a couple of minutes for Mr. Winters, who is the attorney for the City of Orange. He's seated at the far end of the table, and I wanted to reserve a couple of minutes for reply. And you're the client lawyer for the case? For the Orange County District Attorney, Tony Rackaukas. Okay. Go ahead. Your Honor, this case is, from my client's standpoint, a cautionary tale. Isn't the District Attorney claiming a limb with amendment immunity? With regard to the state law causes of action, yes. I see. Okay. Go ahead. With regard to the comedy issue in the case, we contend that the trial court just fundamentally got it wrong. Initially, the trial court was ruling with us. She ruled at the TRO stage and at the preliminary adjunction stage that comedy issues, among others, trump the considerations that plaintiffs were bringing before her. And frankly, we contend that this case should have been resolved at the summary judgment stage. There were no disputed facts that were worthy of a trial. In fact, it was long settled at the outset of the case exactly what the Superior Court did, why it did it, what it said it wanted done, and what my clients did. It never said that what it wanted done was to have people served, the people who had been dropped from the case served with the injunction and subject to the injunction and prosecuted if they violated it. It never said that. Your Honor, all that we can go on is what the Superior Court said. What did it say? Did it say that? The Superior Court did not require any additional hearings other than the ones it had already afforded. It could have inserted language. Perhaps it could have, but it didn't say it's fine to do it this way. And it did not say. I think that we can fairly state that the injunction that was entered by the Superior Court is an injunction that's used up and down the state. At the trial court level, 90 similar injunctions came into evidence. And the California appellate system has spoken at length with regard to how these injunctions are to be drafted. And that's based on years of litigation, based on constitutional challenges of the type that plaintiffs brought in this court. But, counsel, with respect, I think you're right about the broad scope of it, the shell, if you will. The real issues, as I understand it in this case, are the way the individual plaintiffs were brought within the injunction, the relief they had, if any, to get out, who bore the burden and the like. That's really what's before us now, is it not? Not this broad framework that so many cities, counties, and other jurisdictional entities are using. Your Honor, I believe that this case begins and ends with the comedy issue. Well, I heard what you said. Comedy, of course, is a rarely successful defense because it's so broad and so general. I've read your paperwork. I understand your comedy argument. But I'm, frankly, more concerned about how you selected, who selected these people on the basis of what evidence, what kind of due process was afforded them to get out. Those are very troubling issues, and they have nothing, in my view, to have to do with comedy. They have a lot to do with federal constitutional law, and I'd really like to hear what you have to say about those issues. Your Honor, setting comedy aside, the trial court had an erroneous view of what it was supposed to put into the Matthews balancing test. It is undisputed, undisputed, that the three class representatives of the adult class that Judge McKeno and the Superior Court found at a contested hearing, by clear and convincing evidence that all three of them were active participants in the OVC game. Well, since they had a likelihood of success. You had a likelihood of success with regard to that question. It was a preliminary injunction. But besides which, there's, I mean, that's not going to solve our case because there are a chunk of people here and members of the class of whom that isn't true. Well, Your Honor. And particularly of the juvenile class. Your Honor, with regard to the focus at the trial, the focus was all on the class representatives. What about the juveniles? The juveniles, the Superior Court found that due to the nature of California law, that it could not issue an injunction against them. And it didn't, and it didn't make any findings about them. Never ruled on the merits. That's exactly right. So this isn't going to get you anywhere. I mean, it might get you somewhere with respect to a couple of people, theoretically, conceptually. But it's not going to solve our problem or the case. So I think you need to go on. Your Honor, the point being that Judge Fairbank, when she was making her findings, in fact, in conclusions of law, she made the statement, and it's in the briefing with citations to the record, that the Orange County DA's office that were assigned to put the injunction into effect by going and identifying and serving the active participants of the OVC gang, that they had no neutral guidance. And that, as we know from the record, is just not so. First of all, it was a preliminary injunction. But let's put that aside for now, okay? Whether she's true about all of the classes or only about one of them, we're still not going to finish this case without getting to the rest of it. Right? Because as to the juvenile class, it's not true. Your Honor, that is true. But again, due process takes into account a myriad of factors. And one of the factors we believe that has to be taken into account here is Judge McKeno made no findings, one way or the other, as to whether or not the juvenile members were members of the class. But the one class representative that did go to trial, the one representative that did go to trial for the juveniles who was represented to the court to have common claims, typical claims, that individual came to court, to federal trial court, having admitted to active participation in the OVC gang. So plaintiffs utterly failed in their attempt, which they seem to abandon. Who is that? Your Honor, that would be Randy Bastida. He was the class representative for the juveniles. Well, ask about that. My understanding is there's a – but we're still not going to get over the case with that. It just doesn't seem to me to be useful. We can bicker about individuals, but there's still a chunk of people as to whom there was never any finding by any – even a contention of finding, it wasn't even a finding, but even if you characterize a preliminary injunction as a finding, there still was a chunk of people. So we still have the problem. It appears that Judge Fairbank just set that completely aside. And there is no law that indicates that that ruling by the superior court, by clear and convincing evidence at the preliminary injunction states – All right. Let's assume that – let's assume you're right. I mean, I should tell you that I don't necessarily think you're right, but let's assume you're right. But there's still a big chunk of people, the juveniles, as to whom there's no such finding, so we still have to get to the math of this question by itself. Your Honor, again – And if you don't want to do it, you can sit down and say that you didn't argue it. Your Honor, all that I can tell you is I don't think that we need to get there. Tell me why. With regard to the comity issues. Look where we are now in terms of my client down in superior court. Right now my client has an extant superior court order. They are prosecutors with an elevated duty to the courts. We all have a high one. Theirs has been expressed in any number of ways, the elevated duty that they owe to the superior court. The superior court has said, based on process that it found sufficient, that certain individuals are to be served with the permanent injunction, active participants. Yes, but not any particular people. Your Honor, and it reached that ruling based on California – Let me just give you some advice. It would be helpful if you argued the legal issues. Yes, Your Honor. Well, with regard to Matthews, with regard to the balancing test that was done here, we contend that the answer comes from California Court of Appeal cases. They have dealt with all of the issues raised by Plaintiffs and more, including the issue of an individual has to be named and served in order to comport with due process. Let me bring this down to specific, following up on what my colleague indicated. As I understand it, in order to avail themselves of a contempt hearing, the plaintiffs would first have to violate the order, subjecting themselves to arrest, jail, significant bail payments, and a potential sentence of up to six months in jail and a $1,000 fine. Is that correct? Your Honor, there are many more options other than that. What are they? Your Honor, they can intervene, and my client has stated right at the outset of the case – Wait, wait, wait, wait, wait. You're talking about somebody who is, you say, is barred by the injunction. Intervene in what? They're a party. Intervene in Judge McKenna's Superior Court injunction. They can intervene there, and my client stated – I thought under these facts they would already be a subject of the injunction. They don't need to intervene in anything. They're a party, right? Your Honor, they are in the case. Then what are they intervening in? Well, Your Honor, the problem is we're all talking in hypotheticals because – No, we're not. We're talking about the reality of this injunction. I don't understand, Mr. Harrell, why your client dismissed the named parties to the action as soon as they appeared to defend and resist and then turned around and obtained a default judgment against the non-appearing defendants and the gang and served that injunction on the named parties who had come forward to defend. That is, to me, the hardest fact you have to overcome. That was a fact that we addressed at trial. But why did you do that? The cost and expense of the litigation? Your Honor, the evidence, the way it came in, was there is a case cited to the California Court of Appeal ruled squarely against the plaintiffs in this case that they have some constitutional due process right to be individual parties in the case serving discovery back and forth. What that case said, and I can't remember its name, I'll have to see. Come on, my cheekies. Is that you can get an injunction against the gang without getting an injunction against the individuals. Now, first of all, there was another case in San Francisco that said, well, actually you can't, or at least in some circumstances you can't because they're not really unincorporated associations as defined under the statute. So that's somewhat questionable to begin with. But second of all, it doesn't say anything about what happens after that in terms of who can actually be subjected to the injunction and convicted of violating it with absolutely no further process other than a service from the DA and the police. Your Honor, my client's reading of the Colonia Chicas case was that, particularly in this area of limited budget cuts, they need to allocate individuals where they are needed and where they're required by law. But you're not suggesting, are you, that budget cuts obviate constitutional rights? Your Honor, I am not. But I am suggesting that my client's reading of Colonia Chicas was that they did not need to staff this case to the level as would have been required to respond to all the discovery initiatives and all the work that the plaintiffs were serving in that case. Particularly with individuals being laid off, they did not see that that was a defensible move on their part. But in this case, though, counsel, you've got individuals who are named who themselves may be laid off because they're a subject of this injunction. They may not be able to associate with people they've been associating with all of their lives and a lot of other things, which are very serious potential violations. Moreover, as I understand it, the removal process, burden of proof, was on them, not on the state. And they had to show that, and I'm quoting, he or she is not and has never been an active participant in the gang. So in a quasi-criminal matter, it's not the state but the individual that in effect has to prove that they're innocent. Your Honor. Where do we go with that? All that I can point the court to is the California appellate system. Well, first of all, the California appellate case isn't even binding on us. So I don't know. That's not going to solve your problem either. Your Honor, I understand that. If it said what you said it said, and I don't see where it does. But if it did say that there's no due process problem with proceeding in the way you proceeded, which it doesn't actually say, it doesn't deal with Matthews v. Eldridge or how you identify which people are actually going to be subject to the injunction as opposed to the gang as a whole. But even if you read it that way, you know, we're a separate court. We don't have to agree with it. Your Honor. Again, I suggest you argue the legal issues. Well, I understand. But rather than give my paraphrase, I would refer the court to the California Court of Appeals. All right. Well, I read it. It said it frankly better than I can. It said you can sue the gang. I understand you can sue the gang. Right. And you don't have to sue the individuals. But that doesn't say what happens next. Your Honor, there has never been any statement by the California appellate system requiring the level of process. This is a federal constitutional issue, not a California issue necessarily. And what my colleague is asking for you to state is, how do we deal with the individual constitutional rights of the plaintiffs here and others similarly situated? Say we don't even dispute the idea that you can sue the gang. Great. Wonderful. But you have filled in the blanks on how you include people in this, what you can do. It massively changes their lives. Now, I have great empathy for the city. I have great empathy for the counties and so on. These are serious problems that have to be worked out. But by the same token, we're charged with defending the Constitution of the United States. And that's what we're wrestling with in these individual matters. And we hope you will be able to help us with that. As my colleague mentioned, we have great respect for our state court colleagues, but we're dealing with a very different issue here dealing with these individuals. Your Honor, two quick points. First of all, the California appellate court cases do cite the federal constitutional law. All right. But we may not find them persuasive. So once again, I suggest that you tell us why, without regard to what the California Court of Appeals said, why we should rule in your favor. You still have an enormous resistance to doing that. Your Honor, I try to point the court to a case or to some portion of the record rather than my own opinion about it. This is an unprecedented case as far as my clients can see. There is no binding statement by this court. What jumped out at me when I was looking at the statements by this court was the importance of comedy. If the court doesn't want me to address that. I say you can address that. At least that's a legal argument. Is it your position that Judge Fairbank should have simply stayed the federal civil rights action and directed the parties to go back before Judge McKenna and either move to intervene, seek mandamus, whatever remedies are available under California law, wait until the Orange County Superior Court had resolved that proceeding, and then, if there were any remaining federal issues, to take it up at that time? Your Honor, we said words to that effect at every hearing. First of all, with regard to intervening, why would somebody intervene in a case in which there were actual parties and they had been dismissed? Your Honor. They were there. And then you throw them out. So then they're going to come back and say, wait a minute, we want to come back in again. You just throw them out. To make the very challenges that they make here. Your position obviously is they didn't have to be there because that's why you threw them out. No, Your Honor, and what they want us to do now, what they want us to do now evidently, looking at the injunction, is they want us to go to Judge McKenna and advocate their points for them as best as we can. Judge Fairbank has never said what additional hearings are needed to satisfy her notion of due process. And that's because she is respecting comedy. I mean, we're not going to tell you what to do. We're just telling you that what you've done so far isn't good enough. But, Your Honor, it seems, it more than seems, the Court has in all but name told the Superior Court what to do. It didn't employ the legal nicety of stating to the Court, I'm not going to tell you what to do. But exactly how is the Superior Court supposed to have an injunction that has any life or vitality when the people that it needs to enforce the injunction, the prosecutors and the officers on the street, have been enjoined? This was condemned as early as... If you litigated the case that you brought, you wouldn't have this problem, perhaps. You would know who you could enforce it against and who you couldn't enforce it against, and it would be over. Your Honor, I can also point to another absence of law that maybe is important. I have never seen anybody have a constitutional right under the Due Process Clause to remain a party to a lawsuit. No, of course not. But ordinarily, if you're not a party to a lawsuit, you're not subject to its conclusions. Now, I understand that there is, within the injunction world, some adjustment of that. It's an adjustment that was meant to deal with subterfuges and circumstances in which one party is acting through another party, and they usually are dealing with much more narrow injunctions, not injunctions that are running people's lives. But ordinarily, you're not subject to an injunction if you're not... to a judgment if you're not a party to a case. Your Honor, I respectfully do not agree. I believe that there are many cases from this circuit and otherwise that deal with labor unions, abortion, protesters. If we're going to jump over comedy and get to the merits of the case, plaintiffs have never given any principled reason why their group is immune from being served as an active participant of the OVC gang. I mean, it seems to me that the problem has something to do with the nature of this injunction, which is not an injunction that says the group can't do something. It's an injunction that said a bunch of individual people can't do things. Right. And even when they're not... even when they're... the way it's written, it says you can't do things with another person, whether that other person has anything to do with the gang or not. So... or you can't be someplace where another person, not a gang member, another person is doing something, like having alcohol. So lots of the provisions here run to individuals, qua individuals. I understand it's because they're members of the gang or they're purported to be members of the gang, but you're not enjoining the gang as such. You're enjoining a bunch of individuals from doing things, some of which have nothing directly to do with the gang. Your Honor, your question almost presupposes that there's something wrong with the wording of Judge McKeno's injunction. No, it doesn't. It does not. It simply says that this is a very different kind of an injunction than the kind in which it is relatively straightforward to say that somebody who is an agent or a member of a labor union who's out there picketing, why would he be picketing if he wasn't picketing on behalf of the union? That's different from somebody drinking alcohol or being with somebody else who's drinking alcohol. I mean, you can just surmise from the fact that a member of the union is out there picketing that that has something to do with the union. But that's not true of somebody drinking alcohol on the street where they live. Your Honor, the federal injunction that we are challenging goes beyond picketing on the street and whatnot. The injunction that we are challenging tells us that we are forbidden to enforce a superior court order. All right. You're well over your time and your colleague didn't argue. I will give you some rebuttal time. All right, Your Honor. Yeah, you can argue for a few minutes. Go ahead. You may argue for three minutes, let's say. It's always difficult to be the person sitting over there. Thank you. I remember that from practice. Go ahead. Good morning. Pleased to court. Wayne Winter, City Attorney, City of Orange on behalf of Robert Gustafson, Chief of Police, City of Orange. I'll get to the point regarding the findings against the Orange Police Department, that is conspiracy and independently violation of civil rights in this case. First of all, obviously we don't believe we did either. But I think as to conspiracy, yes, we conspired with the Orange County District Attorney's Office in order to obtain and enforce a constitutional gang injunction, one that has been found in numerous California courts. It's constitutional, the terms in it are constitutional. Can you point us to any state court of appeal decisions, admittedly not binding, that address the issue that we're really dealing with here, not the overarching injunction, but the adding and removal of individuals who are subject to that injunction? The removal part, I cannot. We have not seen that before. That's the one I'm concerned about in terms of both the burden of proof and the necessity to go into contempt. What about the addition? Well, the addition, I believe Colony of Chicas does stand for the proposition that the unincorporated association can be named and then you serve its members with the injunction. Well, I understand the general part, but has anybody litigated the rights of those individuals who are served at this point within the state system? Not that I'm aware of. See, that's part of our problem is we don't, at least I don't, question the state court's view of the overall injunction act. It's really a question of the addition and removal of people in the system and how you deal with their rights. And it seems to be, from my understanding, essentially a tabula rasa. That's what we're dealing with here and why we've been hoping to get some help from you and your colleague as to how this gets constructed because we can't just say that because you can get an injunction against a gang that that solves all the problems vis-a-vis the individuals. And that's my problem with the Orange Police Department being found to have conspired and be independently liable in this case because we relied on the Orange County District Attorney's Office when they obtained this injunction. They came to us and said we need evidence in order to get an injunction. We gave them evidence, which we had within our files already. So basically you've got qualified immunity and morale and you're all set, right? Well, I don't know about all set, but we... You can't have qualified immunity because this is an unclear area of law. No, it's not that it's an unclear area of law because you're not individuals. Right, which is why we did not argue qualified immunity. Right. The argument's there, but it's not qualified immunity. I agree. That's why it was never argued during the case. Right. But the idea being that we didn't conspire to violate constitutional rights. The issue the court found as the violation was this, what's been described as a dismiss and serve strategy. That is not something the Orange Police Department had any involvement in. The evidence was clear. The Orange County District Attorney's Office filed the case, determined how to name the parties initially. They decided to dismiss. They advised the Orange Police Department they were doing this, and they also advised us that, don't worry, we can still go out and serve the same people as long as we have the evidence based upon the declarations and whatnot, which is what we did. And you don't have any independent responsibility to act constitutionally? Well, I don't believe we were. You're the ones who did the service, right, and who are enforcing this. Yes. You're enforcing it. We're enforcing a valid state court order is what we believe we're enforcing. But all that proves is whether you look at it as a conspiracy or just look at it independently, either you have a right to be enforcing this against the people who weren't, who were dismissed from the case or you don't. And you're either constitutionally, and it's a policy, and there is no immunity. So what difference does all this make? Well, I think the difference is the issue was the dismiss and serve aspect of it. As the court tried to go to great lengths. Are you now serving these people and enforcing the injunction against them? Right now, no. Although they have had no process? No, we are not right now, no. Because of the injunction. But you were until you were enjoined from doing it? Yes. All right. So and if it's unconstitutional, it's unconstitutional. So what's the argument? I don't get it. The part that was not, there's been no finding that the gang injunction itself is unconstitutional. I understand that. But what the finding was that what was unconstitutional was serving people who were dismissed from the case and asked for them. There was no adjudication that they're actually members of the gang. And then enforcing it against them by arresting them, both of which the police department has done. Yes. The difficulty of this and the reason the comedy issue is so important is because as the question the court's been asking regarding the injunction and how it affects individuals and all that, you can't separate what went on in this case of dismiss and serve from the state court injunction and the federal. And that's why, although it doesn't fit into all the. Wait, wait, wait, wait, wait. How can't we? The state court dealt with the broad issue. What we're dealing with here is the innards, if you will, the guts of it, how it gets enforced and gets implemented. I thought you had just previously indicated you were unaware of any state case law that dealt with that. I'm unaware of it either. So basically we're dealing with, in effect, new appellate law that's going to be coming out of these kinds of issues. How it works, how it doesn't work, that deal, in this case, with federal constitutional rights. It does not address, at least as far as I can tell in the pleadings, whether or not the superior court erred in granting the overall injunction. I don't even think that's before us. The issue is how it's implemented. And that is before us. So comedy, what you're really talking about in comedy, you've got a state court that's dealing with an issue and wrestling with it, and you're mucking around with it as a federal court. Well, the state court's not doing that, as far as I know. It's not dealing with this inner part at all. It dealt with the over part. We're dealing with a new issue, are we not? Yes, and the reason the state court has not dealt with it is because it's never been asked to. I understand that. Nonetheless, we would not be interfering with a state court on this issue if you want to look at the comedy issue because they're not dealing with it, even though they're not dealing with it because they haven't been asked to. Well, in our opinion, it's been impossible to separate the order that says you can serve active participants of the OVC gang. They didn't even say that. It said members. It said that it covered such people. It didn't say you can serve any people you choose to believe are in that category. It never said that. Well, I don't know that any injunction ever says you can serve. I think the injunction always names individuals. Then it's up to the parties who obtain the injunction to serve it. All right, but you're not talking about named individuals. Your time is up, and I gave you seven and a half minutes, so thank you very much. Thank you, and may it please the Court. Peter Biebring for Appellees. I'll start with the due process merits of this case. Plaintiffs are not challenging the terms of the state court's injunction. They are not even arguing that defendants can never enforce this injunction against them. They are solely challenging the utter lack of process by which plaintiffs. But the terms are relevant. Absolutely, Your Honor. The breadth of them and so on. Absolutely. You're not challenging them, but you're saying because of the breadth of them and because of the character of them and the way they run to individuals and so on, there may be different due process requirements than there are in other circumstances where you have an injunction that runs to unlitigated people. That's absolutely correct, Your Honor. Under the first prong of the Matthews analysis, the terms of the injunction are both relevant and extraordinarily different than the other injunctions that defendants have at various times pointed to in this case. This injunction on its face limits plaintiffs' ability to engage in ordinary daily activities, going outside of their own front door with family members after 10 p.m., going to places in the town where they grew up where alcohol is served, wearing the color or word orange even though they live in the city of Orange in Orange County and attended Orange High School. Mr. Biebring, how does the chief of police and the district attorney, in the light of a one-sentence federal injunction, act at this point without risking violation of the terms of the federal court's order? Thank you, Your Honor. Besides doing nothing. That's the only thing they can do to be 100 percent sure that they're not going to find themselves facing your motion for a contempt citation. Thank you, Your Honor. In a number of ways. And first of all, it bears pointing out that defendants remain free to enforce this injunction against the parties to the state court proceeding, the individuals who defaulted. And to that extent, it is distinguishable from, for example, the case of Hicks. They could come up with a concrete proposal and make a motion to modify the injunction. A concrete proposal for a procedure that isn't perhaps a court procedure but some procedure. That's certainly correct. That's one way that defendants could act. So they would get the approval by the Orange County Superior Court of some modified terms of the injunction, and then there would have to be a proceeding before Judge Fairbank in order to determine that that was appropriate under the federal court's injunction. No, Your Honor. That's not correct. In order to apply this injunction to plaintiffs here, defendants could act in two ways. And actually, Judge Fairbank considered this carefully to avoid enmeshing her federal court in supervision over the state court. First, defendants could go back to state court and simply move to add defendants as parties, as other jurisdictions do. And the excerpts of record beginning at 630, there are injunctions from San Francisco and Oakland, which follow this procedure. When they seek to add a new individual, they move in state court to add them and prove on clear and convincing evidence that that new individual is, in fact, a gang member. And that has never happened in this case, right? That's correct, Your Honor. It has never happened in this case. But it could without violation of the court's order. Judge Fairbank carefully considered this question and crafted her injunction in its simplicity to avoid this problem. If the state court issues a new order by issuing an injunction against a new individual because that individual is found to be a gang member, that new order supersedes the May 14, 2009 order, which Judge Fairbank has ordered not to enforce. But they could also, I presume, come back to what – Judge Fairbank is not sitting now. Is that correct? I'm not specifically sure, Your Honor. Well, to a judge of the central district. And conclude that – and ask for a modification of the injunction, essentially with a plan that it contends – comports with procedural due process, and that could be litigated, which wouldn't have to involve a court at all, as I understand it, necessarily. That's correct. That's a second avenue, Your Honor, which is that they could craft an administrative process to provide to plaintiffs to determine whether they were gang members that cure the constitutional deficiencies Judge Fairbank found, the failure of access to evidence, cross-examination, and neutral decision-making. And that would be – I mean, she also could have, and I don't know if it might have been the better part of valor,  instead of doing this very short thing to essentially say, you know, there's a due process problem here and I want the defendants to come in with a proposed plan, which happens in a lot of injunctive cases, in order to give deference and to avoid comedy problems. And then essentially with some deference to the agency which proposes it to decide whether it comports with due process. But this other procedure would essentially amount to the same thing. That's absolutely correct, Your Honor. And certainly there's nothing unusual about a district court enjoining an unconstitutional practice and requiring the party that's been found to have acted unconstitutionally to go back and seek a modification of that injunction. I still am unclear, though, as to how the state officials can be assured that, assuming that they're acting in good faith when they seek a modification of the state court injunction to address all the concerns that Judge Fairbank articulates in her 27-page ruling that... Just to be clear, you're not talking and I'm not talking about modifying the state court injunction. You're talking about modifying the federal injunction. That's correct, Your Honor. That's not my question. Oh, I'm sorry. My question is, at this point, the safest thing that can guarantee that the chief and the district attorney are not in violation of the federal court injunction is to do nothing with regard to enforcing the state court injunction. So the question I was pursuing was, if they went back to the state superior court and said, look, we've had all this litigation in federal court and a federal judge has found a federal due process violation, and they modified the terms of the state court injunction and then began to enforce the state court injunction, how could they be assured that they would not find themselves on a contempt citation back in front of Judge Fairbank because, in your estimation, the changes that were made to the state court injunction are inadequate to address the federal due process concerns that she articulated? Thank you, Your Honor. Because plaintiff's claim here is not that any of the terms of the state court injunction are improper or unconstitutional. Simply, the defendant's actions in enforcing an injunction against plaintiffs to which they were not parties violate without any due process to determine that they are, in fact, participants or associates of the gang violates due process. Judge Fairbank crafted her injunction to target enforcement of the specific May 14th order, which does not name plaintiffs. A new order that did name plaintiffs would not fall within that order and would not expose defendants to contempt. And if this Court feels otherwise and needs to clarify that, it certainly has discretion. But the problem, if we go down the path that you're suggesting, why are we not enmeshing ourselves in looking over the shoulder of a state superior court judge and having federal judges decide whether or not the state court's formulation of a modified injunction does or does not comport with federal due process? Doesn't that raise the comedy concerns that the defendants are complaining about? That is exactly what this Court could avoid and what plaintiffs submit that Judge Fairbank avoided in crafting her order narrowly, her injunction narrowly to enjoin only enforcement of this specific order. That any new proceedings in the state court that actually involved plaintiffs where they were parties would require a new litigation, and that litigation very well, depending on the facts and if plaintiffs were named parties, could be required to be brought in state court and would not expose them to- What a better course of action for the federal district judge had been to stay your civil rights claim and invite you to go back to the Orange County Superior Court and raise these concerns and then await the completion of those proceedings before deciding whether she needed to proceed further. No, Your Honor. Judge Fairbank properly found that abstention in any form was inappropriate in this case because plaintiffs were not parties to the state court proceeding, the judgment that defendants have chosen to enforce against them. Well, they're not parties in the named sense, but what's tricky about this case is that the state's theory that they're bound by the terms of the state court injunction is that they are agents or representatives of the gang and that they are acting in furtherance of the gang's goals. And whether or not we designate them as a named party or not, the case law says that if you have actual knowledge of the terms of the injunction and you thereafter violate it, you are liable for criminal or civil contempt of the state court injunction. And it doesn't matter whether you're a named party or not. The cases that so hold in Ray Lennon, in the federal courts, or the gang injunction cases, Colonial Cheek has in the state courts, address only whether third parties can be bound by injunctions. And they find that they can, but they do not address what process may be due before a non-party to a state injunction proceeding is forced to conform its conduct to an onerous injunction based solely on the determination of the district attorney. Let's take an anti-violence labor injunction. If a picketer, whether or not he or she is a member of the union, is served with that injunction on the picket line or in the neighborhood of the picket line, that in itself is sufficient, is it not, to give the party served the opportunity to go in and complain to the judge who issued the injunction that it should not be applied to him or her? Yes, but the question of what process is due and whether pre-deprivation process is due is a separate one from an abstention. And in that circumstance, where the enjoined conduct is narrow, circumscribing picketing, rather than the onerous limitations on the conduct of daily life, that's one reason that additional processes due here more than in that circumstance. A second reason is that serving somebody on a picket line when they're picketing, the fact that they're picketing in violation of the injunction provides ample reason to believe that they're acting in concert with the enjoined defendants. I mean, that's sort of what the issue was in these abortion picketing cases, which are the most analogous to this and the other circuits. But in those instances, as I understood it, what they were trying to do was challenge the substance of the injunction, not the question of whether they were acting in concert. I believe that was the case, or the process by which they would be determined to act in concert. I mean, is that how – are any of those – I guess there are three cases or four cases similar in structure to this one? They're not, Your Honor. And I believe Your Honor is referring to the Gottfried Hoover and McKusick cases. How about Hoover? Hoover was a little murky as to what it was really about. Right. But in Hoover, Judge Posner made clear that the Federal court plaintiffs were challenging the underlying injunction as vague and overbroad, that they were asking for an injunction that ordered the State court to rewrite his injunction to make it clearer and not to convict anybody of that – of a violation unless under the amended terms. That is certainly not what plaintiffs are doing here. They're solely claiming a violation based on defendant's conduct, defendant's conduct which is not authorized by the State court injunction. In addition, all of those cases were a review of a dismissal from a State court rather than the different procedural posture here where Judge Fairbank, after an 11-day bench trial, exercised jurisdiction and this Court is reviewing. In the California procedure, the case that I found most interesting was this Broderick Boys case, which seems to say that people in the position of your clients, leaving aside the fact that they were previously parties, but if they had never been parties and that probably doesn't matter, could appeal the injunction because they are within the – to vacate it. But that seems to be substantive again as far as I can tell. That's right. That – Broderick Boys involved a motion to vacate the injunction based on inadequate notice after default under Civil Code of Procedure 473. It's not a motion to vacate. And they didn't have to prove they were actually within the group of people if they were arguably within the group of people covered. That's right. And it certainly didn't involve an intervention as Judge Fairbank – Ultimately, suppose they could do something like that in this case. Suppose they could have gone in and, for example, moved to modify the injunction – I mean, come in and said we're like the Broderick Boys people. We're arguably within the group who are going to be served or after they were served. They think we're one of these people, so we're going to come in and we want you to modify your injunction to say you can't do it that way, you can't serve us, and then appeal. Suppose they could do all that. Does that affect the comedy issue, the question of whether they could do something they didn't do when they worried parties at the time of this injunction issue? No, Your Honor. The rule in this circuit is clear under Greene that non-parties to a state court proceeding are not barred by abstention doctrines from bringing a federal claim. Even if there's something they could have done in state court that would have straightened this out? That's absolutely true. You could have brought this case in state court. That's absolutely true. In Greene, federal plaintiffs brought a challenge to the incorporation statutes in Arizona that paralleled litigation brought by residents of the same town that sought to incorporate in state court. They could have intervened in that case. That's correct. The court held that they could have intervened, and the mere fact that there were available state court proceedings in which plaintiffs could have intervened to raise those claims, proceedings that would have addressed those same claims anyway, did not justify, were insufficient to justify abstention in that circumstance. And here, the due process claim that plaintiffs bring is not before any state court. Plaintiffs were in state court vigorously litigating whether this injunction should be applied to them. They had some success in convincing the state court that the preliminary injunction should not issue against various members of the plaintiff class. So defendants, after, in the face of that limited success and discovery, waited until they obtained a default judgment against this entity that nobody appeared on behalf of, and then dismissed plaintiffs, and now are being heard to say that that action, the fact that they took the judgment about whether a plaintiff should be subject to the state court order away from the state court, that that deprives this court of jurisdiction as well. I wonder if I could turn your attention just a little bit, following up on what my colleagues mentioned. There are, of course, all kinds of ways that this can proceed within both state and federal court, but has there been any effort by the plaintiff class and or the defendants to meet, confer, and see if there's a way to resolve this issue by some agreed-upon administrative procedure or an agreed-upon procedure where due process would be available? That is, after all, the guts of this thing. It could save a lot of time. It could save a lot of money for all concerned. Has there been any effort either on your behalf or on behalf of the defendants to do such a thing? There has been no effort, certainly, to reach some agreement. Are you, again, no parameters specified, but would you as counsel for the plaintiffs be willing to sit down with counsel for the defendants if they were willing to see if you can short circuit this? I mean, this is an important issue. We understand that. We don't want to deprive anybody of due process, and we don't want to deprive the governmental entities of their right to do their job. But the difference between a sword and a scalpel, and it may very well be that a scalpel is what's required here, and at least I, for one, would encourage both parties to consider sitting down and seeing if you can't short circuit this and provide due process that's satisfactory to your clients and yet solves the issues that the city and its officers have. Thank you, Your Honor. Defendants have shown no interest in providing any process other than the complete lack of procedures here, and certainly plaintiffs have pointed to other procedures, the procedures followed in San Francisco and Oakland as large models. Are you willing, if they are, to sit down in good faith and see if you all can work this out? I mean, it doesn't affect what we're doing. The help of our mediators. I'm sorry, Your Honor. The help of our wonderful mediators. Your Honor, I don't know that that resolves the issue in this case, which is whether due process is violated based on their conduct. Okay. You're talking about past conduct. I'm thinking more of the future, but the past would have to be dealt with as well. But if you all agreed hypothetically that Procedure X, that's an administrative procedure, that that satisfies going forward your concerns and that satisfies the city's concerns, then in the short term you can get something resolved and each party achieves something. I don't know how to address the past necessarily, although that usually gets resolved as part of it, but are you willing to at least entertain such a possibility while we move forward with this? I mean, plaintiffs are always amenable to mediation in this circumstance, defendants have shown no objection. We're not talking about ordering you. We're just saying if there's a possibility, I think at least I for one would encourage you to talk to each other, see if there's a way to resolve this issue. Thank you, Your Honor. I would like to address two points in closing. And the first is the reliance on the preliminary injunction that defendants earlier spoke about. First, with respect to the juvenile Randy Vestita, he was in criminal court pled to a crime in which he allocated to membership in the gang long after the injunction was enforced against him. So the question of whether he was provided due process in implying the injunction is separate from that issue. And it's certainly true, as Judge Berzon, as you pointed out, they failed to obtain an injunction against juveniles, against members of the plaintiff class who were not juveniles and were represented. That's on Supplemental Exhibit Record, page 476. Tell me something about California juvenile law. Why couldn't a petition be filed with the appropriate California Superior Court Department to appoint guardians ad litem for the juvenile defendants here? Respectfully, that's something that the defendants addressed during the state court proceedings, and I'm not sure. As I read the record, there was a request that some of the parents be named as guardians ad litem, which the Superior Court judge refused. I believe that's correct when the juveniles are not represented by counsel, and the Superior Court believed it had no authority to pay for counsel for those juveniles. So it came down to a money issue that no one could appear as a guardian ad litem because the county wasn't willing to pay. That's right, and the parents could not afford counsel, which is a bar to the juveniles, of course, intervening in the state action, which would be required to contest their gang membership because they are not parties to the state action. But the problem is that these gangs are made up of both juveniles and adults, so what are reasonable state officials to do in that case? Just sort of shrug your shoulders at the juvenile members? No, Your Honor, although they are bound by California law in terms of proceeding to judgment, so I believe it's incumbent on the district attorneys to respect their constitutional rights. What has happened in that regard in the other gang injunctions with regard to juveniles? I mean, for example, in San Francisco and L.A. where they were litigating individually, what did they do with the juveniles? Your Honor, I am not specifically aware of any instance in which an injunction issued against juveniles or not. I'm afraid I can't answer that question. Finally, I wanted to address briefly the issue raised about conspiracy by the city. Just to say, Judge Fairbank in her findings of fact, of course, held that the city was liable not only on a theory of conspiracy but individually, and of course that's correct. It is the city and their police officers who are. So the conspiracy issue just doesn't matter? I mean, your position is the conspiracy issue doesn't matter? That's right, and also that there's more than enough in Judge Fairbank's findings to justify on this Court's abuse of discretion review the conspiracy finding. I did want to raise one other issue with respect to whether the state court authorized defendants to enforce this against plaintiffs without due process. Of course, it did not. The text of the language doesn't purport to authorize defendants to enforce this against anybody in their sole discretion. And indeed, there's one important fact here, which is that after defendants sought to dismiss plaintiffs from the state action, plaintiffs and ends sought the entry of this injunction by default. Plaintiffs actually returned to state court after they had been dismissed. The day that this injunction issue raised the concern that defendants might try to use this injunction to enforce it against them, and the state court said on page 784 of the excerpt of record, that's an enforcement issue, indicating that it was not before the court indicated. At that time, but I'm still wondering why you didn't go back once they were served and it was enforced against them and say, well, Your Honor, this issue is now ripe for determination and here are our concerns. Because the action of service, and service is not the initiation of a lawsuit or summons, it's simply giving the plaintiffs notice that defendants believe. But under the terms of an injunction, our case law says that actual notice of the terms of the injunction is sufficient to render the recipient of the injunction liable under its terms for civil and criminal contempt. If they are in fact covered by the injunction. Right, if they are in fact covered by the injunction. And the question here is not whether they are liable for a violation, it's whether under criminal law, the question is whether they can properly be subjected to this onerous set of restrictions as a matter of civil law. That is the injury, the imposition of a civil injunction to which plaintiffs were not a party that restricts their conduct, that prevents them from doing all sorts of things. But I guess my concern is at the time that the Superior Court judge made that comment, it's true, it hadn't been enforced against anyone because it hadn't been served. But now the circumstances have changed. And indeed, the order got served on what, 94 people? The service was an action of the district attorney, which is an executive officer. And the plaintiff's challenge to the service of the order and subjecting the district attorney and police's decision to subject plaintiffs to that order is solely a challenge to the district attorney's decision to subject them to the order without due process, not to any determination of the court. And for that reason, abstention is inappropriate because the mere fact that plaintiffs could have gone back to state court under Greene is insufficient to justify abstention unless there's some kind of improper interference with the state court's order, which there's not here because defendants are able to enforce the terms of the injunction against all the parties to the state court proceeding and even against plaintiffs if they provide the process that is required by the Constitution. Okay. Thank you very much. Thank you very much. You're well over your time. You may have, let's say, four minutes or two minutes. How's that? Plaintiffs have said, both in the trial court and here, that they're not trying to rewrite Judge McKenna's injunction. But what they are attempting to do is excise some of the language that he chose. The language that he chose was the gang and its active participants. They want to strike that language out and treat it as a nullity. Can you explain that further, please? I understand you keep saying that, but they're not trying to say that it doesn't run to the active participants. They're saying, who are they? How do we know who we are if we haven't been adjudicated to be one of those people? Right. The problem with where plaintiffs are is it is unavoidable. Listening to them talk now, it is unavoidable for their case to be successful without rewrites of Judge McKenna's order. What sentence would you need to rewrite? Your Honor, you would need to add in additional language specifying what process is due the plaintiffs. Plaintiffs have never said Judge Fairbanks hasn't made that ruling. Both, I think, prudently because they recognize there will be a rewrite of the order. Now the court here has raised the issue of, well, why don't you start asking for a rewrite of the order? At least that's the way that I heard it. Specify what the processes are. Go back to Judge McKenna. Try to get him to insert that language. None of these things are guaranteed. We don't own or control the Superior Court. We can mediate and we can talk. The injunction doesn't require that the Superior Court do anything, does it? I don't think that that's the important point. It does require the Superior Court to rewrite its order if it expects it to be honored. And that's what it says. Judge McKenna looked. He issued his order. Judge Fairbank looked at that at the four corners and said, the process outlined in there. Look, you do in fact have a procedure, this removal procedure. That's not in the injunction. You just have it. You could have an adequate procedure as well as an inadequate procedure, and it wouldn't have to be in the injunction, would it? Your Honor, we believe that given the breadth and depth of what Judge McKenna has gotten into with regard to how he wants his injunction handled, I think it's fair. A fair reading of that order is if he wanted something more done between the issuance of the permanent injunction and the defendant's service on the individuals, that would have been in his order. There just has never been any suggestion that Judge McKenna wanted anything other than the DAs and the OPD to go and serve this injunction on who they believe were active participants of the OVC. And that's what they did. No additional language was inserted there. And what's being talked about now is an additional specification of process in that order that Judge McKenna sought not to include. Mr. Rowe, I hear your argument. You may or may not be correct, but like with your opposing counsel, I strongly encourage you to sit down with them and see if you can work this out, because you're going to get an opinion from this court that you may or may not like, and it may affect a lot of other people. So you've got the scalpel in your hand. You might want to use it and see if you can work something out. Your Honor, we have never said we're not willing to talk. I understand. I'm just saying, you know, right now there's no order, no anything, but I'm just suggesting, and I think my colleagues would agree, with or without the benefit of our mediators, who we can certainly make available to you, a lot of important issues at stake here. I encourage you to talk to each other, see what you can do, meet and confer. In the meantime, we'll move forward. But once the opinion comes out, some of your latitude may be gone. May I ask our presiding judge, could we ask as the appellant that they provide us with a letter within ten days as to whether or not the parties are interested in pursuing mediation efforts? That's fine. We can do that. Sometimes we suspend, we vacate submission, but we can also just go ahead and ask you to let us know. We're not going to do anything in ten days anyway, as to whether you would like to meet with our mediators, who really are quite terrific, including at complicated things like this. So we can issue an order. Your Honor, thank you, and then we'll follow up. Asking you to just get back to us essentially. We will keep the court posted. One final point, and this is a point that's very important to my clients. There was an opinion that came out from this court. Now over your time again, so really wrap it up in 30 seconds. Your Honor, there was the ET case that came out during the very pendency of this appeal, and in that case this court refused to get involved in supervising the Sacramento dependency courts, telling them how many resources, how many people need to be allocated in a given set of files. That directly dealt with the running of the courts. That was about the running of the courts. Yes, Your Honor. What if more process is required here at the superior court level? That could impact. You're making an assumption. It's just that it has to be at the superior court level, and that is not what the opinion says. Your Honor, Judge Fairbanks has made it clear that she wants more process of some type without specifying what that is. Right, but not necessarily in the superior court. If it does involve the superior court, there has been no showing that there's sufficient money, resources, or manpower either with my client or with the superior court to make that process available. And again, we don't even know. We're very much out of time. Thank you. Your Honor, thank you. All the more reason to have a chat with each other. You may have two minutes. Go ahead. I did say that. If you have something to say, but you don't need to say it. Thank you, Your Honor. Very briefly, and I will just say I was just stopped a moment ago by District Attorney, Detective Rokakis, who indicated that he is willing to mediate. I tell you right now, and he doesn't need 10 days to do so. So I'm going to let you know that. All right, thank you. 45 cents. The only issue I wanted to raise is the parties, non-parties discussion. And the policy of the Orange Police Department was this injunction was not enforced against anyone who was not first served with it. And that was the testimony that came out during the trial. So once they're served, they are a party. So there's no issue do they have to intervene or how they get back in the state court. They were a party to it right then. I'm not sure if they have notice of the injunction. But whether they're a party depends on whether they're within the terms of the injunction, which they say they're not. Well, I believe the service, though, puts them in the light of the court within the ‑‑ Service is notice. It's not service of a complaint or of a litigation. They're not parties to the injunction, to the case by virtue of being notified of the injunction. And further concern is that ‑‑ They could have served me. They could have served me. Did they serve you? They could have. And then I could have said, well, fine, you've served me, but I have nothing to do with this gang. Don't bother me. And you certainly had every right then, though, to walk into the Orange County Superior Court and say, I received this. I have no reason to. I have nothing to do with this gang, and fine. But your point, I think, is that it gives that person standing to appear before the court. Exactly. So there's no question whether they could or couldn't get in there. And then the last point is that the importance of this, as mentioned by Your Honor Smith, that this is important to more than just the City of Orange and the Orange County District Attorney's Office, which is all the more reason why the principles of comity should apply here, and the federal court should have sent this back to state court to address these issues first. Thank you. Thank you all very much, Alyssa. It's a fascinating case, and you guys have been doing a great deal of hard work, and I really appreciate it. It's an important issue, so thank you very much. The case of Vasquez v. Ratkowskis is submitted.
judges: Berzon, Tallman, Smith